IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGIA MELENDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CACH, LLC, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-5456 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |

On April 9, 2012, Defendant CACH, LLC moved to strike Plaintiff Ligia Melendez' amended complaint, filed on March 23, 2012. On April 16, 2012, Plaintiff moved for leave to file an amended complaint. Both parties have filed oppositions. The motions were taken under submission and decided on the papers. Having read all of the papers filed by the parties, the Court grants CACH's motion to strike and grants Plaintiff's motion for leave to file an amended complaint.

BACKGROUND

On October 24, 2010, Plaintiff filed a complaint against CACH, the Federal Deposit Insurance Corporation (FDIC) and other Defendants in San Francisco superior court. Plaintiff's complaint alleged that Defendants used false, forged and misleading documents improperly to collect a debt from her. On February 18, 2011, the case was removed by the FDIC and given case number

1 C 11-0615 SC. On February 18, 2011, the Clerk of the Court issued
2 summonses for Defendants CACH and the Law Offices of Alan M.
3 Laskin (Laskin). CACH and Laskin did not file an answer or
4 respond to the summonses. Plaintiff agreed to dismiss her claims
5 against the FDIC and, on March 12, 2011, the case was remanded to
6 state court. On June 21, 2011, Plaintiff filed a First Amended
7 Complaint (1AC) in state court. Plaintiff re-served CACH and
8 Laskin with her state court 1AC.

9 On November 9, 2011, CACH removed the action to this Court
10 and it was given case number C 11-5456 CW. On November 17, 2011,
11 CACH answered the 1AC and, on November 18, 2011, Laskin answered
12 the 1AC. On February 22, 2012, the Court held a case management
13 conference (CMC) and entered a Case Management Order setting a
14 deadline of March 26, 2012 for Plaintiff to add additional parties
15 or claims.

16 Prior to the CMC, Plaintiff agreed to Defendants' request
17 that the parties' initial disclosures not be due until ten days
18 after the CMC was held. Plaintiff indicates that it was not until
19 March 5, 2012 that she was served with documents and information
20 which indicated to her attorneys the need to add two more causes
21 of action and new Defendants. On March 23, 2012, Plaintiff filed
22 a Second Amended Complaint (2AC) which adds four new parties and
23 two new causes of action.

LEGAL STANDARD

I. Motion to Strike

26 Pursuant to Federal Rule of Civil Procedure 12(f), the Court
27 may strike from a pleading "any redundant, immaterial, impertinent
28 or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a

2

Rule 12(f) motion is to avoid spending time and money litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, 510 U.S. 517 (1994). Motions to strike are disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). They should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

II. Motion to Amend Pleadings

Federal Rule of Civil Procedure 15 applies to amended pleadings. It provides:

> (1) (a) A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Four factors are relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that

3

these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). Further, the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Rather, the court should consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, or constitutes an exercise in futility. Id. (citing Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986)).

DISCUSSION

I. Motion to Strike

CACH argues that Plaintiff's 2AC should be stricken because it was filed without leave of the Court or pursuant to a stipulation as required by Federal Rule of Civil Procedure 15(a)(2). Plaintiff responds that, pursuant to the Court's February 23, 2012 CMC Order, she had until March 26, 2012 to add additional parties and claims and, because she filed her amended complaint on March 23, 2012, she was in compliance with the Court's Order. Plaintiff argues that, because the CMC Order did not provide time to file a noticed motion to amend the complaint, the Court must have meant to allow her to amend without filing a noticed motion.

4

While Plaintiff's interpretation of the deadline for adding parties and claims is understandable, CACH is correct that, under Rule 15, Plaintiff must file a motion for leave to amend or obtain a stipulation from Defendants.  The Court's intention was that such a motion or stipulation would be filed by March 26, 2012.  Therefore, the motion to strike is granted.

II. Motion to Amend

Plaintiff explains that, in the 2AC, she adds four additional parties as defendants, all of whom were involved in the illegal acts Plaintiff asserts in her 2AC, and adds the claims for negligent infliction of emotional distress and concealment.  In addition, she eliminates the claim based on the Racketeer-Influenced and Corrupt Organization Act, reorganizes the factual allegations and adds background allegations.

CACH opposes the motion for leave to amend on the grounds that it was filed after the March 26, 2012 deadline for adding parties and claims set in the CMC Order and that Plaintiff has not shown good cause for seeking modification of the CMC Order as required by Federal Rule of Civil Procedure 16(b)(4) (a scheduling order may be modified only for good cause and with the judge's consent), that it was filed with undue delay and in bad faith and it prejudices CACH.  CACH's arguments are without merit.

Under the circumstances of this case, Plaintiff has not filed her motion to amend with undue delay.  The CMC Order allowed the addition of parties and claims by March 26, 2012.  Plaintiff,

5

believing she was complying with the CMC Order, filed her amended complaint on March 23, 2012. When confronted with CACH's arguments in its motion to strike that she had overlooked the requirements of Rule 15, she immediately filed a motion for leave to amend her complaint and sought an order shortening time so that her motion could be heard on the same date as CACH's motion to strike. These facts do not indicate undue delay or bad faith. Furthermore, under these circumstances, there is no need for Plaintiff to file an additional motion under Rule 16 for modification of the scheduling order.

Moreover, CACH has not shown that it will be prejudiced by the 2AC. It argues that it will be forced to propound additional discovery based on the two new claims and wants the opportunity to file a motion to dismiss the 2AC for failure to state a claim. Because the case is still in the early stages of discovery, CACH's first argument is not persuasive. CACH may, under Rule 12(b)(6), file a motion to dismiss the 2AC for failure to state a claim upon which relief can be granted. CACH also argues that the amendment is futile because Plaintiff alleges facts in the 2AC that are inconsistent with her allegations in the underlying state court case. Plaintiff denies that there are any such inconsistencies. CACH's argument is insufficient to establish that the 2AC is futile.

Therefore, Plaintiff's motion for leave to amend her complaint is granted.

CONCLUSION

Based on the foregoing, the Court grants CACH's motion to strike and Plaintiff's motion for leave to file an amended complaint.  The 2AC is deemed filed on the date of this Order.  Within twenty-eight days from the date of this Order, Plaintiff must serve the 2AC on the four new Defendants and any Defendants named in the 1AC that have not been served.  A case management conference is scheduled for August 29, 2012.  Case management statements are due on August 22, 2012.

IT IS SO ORDERED.

Dated: 5/16/2012

CLAUDIA WILKEN
United States District Judge