IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGIA MELENDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CACH, LLC, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-5456 CW<br><br>ORDER GRANTING MOTIONS TO DISMISS FDCPA CLAIM AND REMANDING ACTION TO THE SUPERIOR COURT FOR THE COUNTY OF SAN FRANCISCO |

    Defendant CACH, LLC removed this action alleging violations of federal and state statutes governing fair debt collection practices and other claims under state law. Plaintiff Ligia Melendez brings this action asserting claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and under state law against the following defendants: CACH; Collect America Ltd, a.k.a. Square Two Financial (SquareTwo); Law Offices of Alan M. Laskin (Laskin Law Offices) the Laskin Law Offices; Defendants Alan M. Laskin, Jason A. Ewing, Natasha Langenfeld (the Attorney Defendants); Lorraine Kunkle; and Mark Tran, a.k.a. Hoang Thanh Tran. Before the Court are the following motions: the motion of Laskin Law Offices to Dismiss Count One of the Second Amended Complaint (2AC) alleging a claim under the FDCPA (Docket No. 83); the motion of the Attorney Defendants Laskin, Ewing and Langenfeld to dismiss the FDCPA Claim (Docket No. 107); the Anti-SLAPP motion of the Attorney Defendants to strike the state law claims (Docket No. 108); the Anti-SLAPP motion of the Laskin Law Offices to strike the state law claims (Docket No. 114); CACH's

motion to dismiss the 2AC for failure to state a claim (Docket No. 81); SquareTwo's motion to dismiss the 2AC for failure to state a claim (Docket No. 127); Kunkle's motion to dismiss the 2AC for lack of personal jurisdiction (Docket No. 116) and Plaintiff's counter-motion for leave to conduct jurisdictional discovery (Docket No. 150); and Tran's motion to dismiss for lack of personal jurisdiction (Docket No. 117) and Plaintiff's counter-motion for leave to conduct jurisdictional discovery (Docket No. 152). The Court vacated the hearing on the motions and took the motions under submission. Having considered the relevant legal authority and the papers filed by the parties, the Court GRANTS the motions to dismiss the sole federal claim under the FDCPA and remands the action to the Superior Court for the County of San Francisco.

## BACKGROUND

The 2AC makes the following factual allegations which are taken as true on the motions to dismiss.

A. Collection Action Against Plaintiff

On February 14, 2008, CACH filed a complaint against Plaintiff entitled <u>CACH v. Ligia Melendez</u>, in the Superior Court of California for the County of San Francisco, Case No. CGC-08-472197. 2AC ¶ 29 and Ex. A. Defendants Laskin, Ewing, Langenfeld and Laskin Law Offices appeared as counsel of record for CACH in that collection action against Plaintiff. 2AC, Ex. A. In its complaint against Plaintiff, CACH alleged that Plaintiff was indebted to it by and through an account number that Defendants claimed Plaintiff had opened at the Providian National Bank on or about October 8, 2002:

2

1        Plaintiff: CACH, LLC

2        Alleges that on or about: 10/08/02

3        A written agreement was made between: PROVIDIAN BANK AND LIGIA MELENDEZ.

       The essential terms of the agreement are as follows: THE DEFENDANT(S) LIGIA MELENDEZ AND DOES 1 TO 10, AND EACH OF THEM, ENTERED INTO A CONTRACT, ACCOUNT NUMBER 4559905000497229, GENERATING A BALANCE OF $8,006.73, WITH ACCRUING INTEREST OF 30.31% PER ANNUM FROM 04/28/06.

2AC ¶ 31 and Ex. A ¶ BC-1. Plaintiff alleges that this representation by CACH was "a false, inaccurate and misleading representation in connection with the collection of a debt which Plaintiff relied upon to her detriment." 2AC ¶ 32. Plaintiff alleges that in 2002, she did not enter into an agreement with the Providian National Bank for the account number 4559905000497229 and that on the date of 10/08/02 the account number 4559905000497229 did not exist at the Providian Bank. 2AC ¶ 32.

B.   Kunkle Affidavit

CACH's complaint against Plaintiff attached and incorporated by reference an Affidavit Form purportedly signed by "Martha Kunkle, Designated Agent" (the Kunkle Affidavit) which stated:

> I, being duly sworn, hereby state and attest that I am the designated agent of Providian National Bank ("Providian"), a National Banking Association, one of the sellers in that certain Purchase and Sale Agreement by and among Providian National Bank, Providian Bank and CACH, LLC ("Purchaser"), dated as of 5/24/2006 (the ["]Agreement").
>
> The account billing statement of LIGIA MELENDEZ, Account #4559905000497229, the cardholder, to the best of my knowledge, reflects a true and correct accounting of the cardholder's credit card account; that as of 5/24/2006, the sum of **$8,006.73** was due to Providian or any of its affiliates, and that no part of this sum has been paid or satisfied.

3

> In accordance with the Agreement, Providian sold, assigned and conveyed to Purchaser all right, title and interest in and to the Account and its unpaid balance.
>
> Executed on April 4, 2007, at Arlington, Texas.
>
> /s/ Martha Kunkle/LD Martha Kunkle, Designated Agent
>
> Sworn to before me this 4th day of April, 2007.
>
> /s/ Hoang Thanh Tran Notary Public

2AC ¶ 34 and Ex. B.

Plaintiff alleges that the representations made in the Kunkle Affidavit were false, deceptive and misleading on the following grounds:

> a. On the date of 05/25/2006 and April 4, 2007 the Providian National Bank did not exist, as in October of 2005 the Providian National Bank had ceased to be a viable entity. As such, the Providian National Bank could not have sold assigned and conveyed to CACH all right, title and interest in any account on that date;
>
> b. On the date of 05/25/2006 there could not have been any form of a Purchase and Sale Agreement by and among Providian National Bank, and CACH, LLC, as the Providian National Bank was not an entity in existence at that time and as such CACH could not have entered into any such agreement with Providian on that date and as such had no standing to bring said action against consumer;
>
> c. On the date of April 4, 2007 "Martha Kunkle," or anyone else, could not have been duly sworn to state and attest that she was the designated agent of the Providian National Bank, a National Banking Association, as on that date there was no Providian National Bank and as such there could not have been a designated agents of an entity that was not in existence;
>
> d. On the date of 5/24/2006 there could not have been any amount due to the Providian National Bank as it did not exist on that date;
>
> e. The Affidavit contains the pseudonym /s/ Martha Kunkle/LD, which was false and the signature a forgery;

4

        f. Defendant Tran then placed his notary seal upon the Affidavit knowing that the person who had signed the Affidavit was not "Martha Kunkle" but another individual who had forged that name upon the Affidavit.

2AC ¶ 35.

    Plaintiff further alleges that Defendants had knowledge that the Kunkle Affidavit had been exposed as a falsified document in other litigation, namely in a class action filed in the United States District Court for the District Of Montana, Great Falls Division, <u>Jeanie Cole v. Portfolio Recovery Associates, LLC et al</u>, Case No. CV-08-036-GF-RKS. 2AC ¶ 64. In that action, plaintiff Cole exposed similar "Martha Kunkle Affidavits" as false and deceptive in 2007, and thereafter brought a class action lawsuit regarding the use of robosigned "Martha Kunkle Affidavits" against consumers throughout the United States. 2AC ¶ 64. Plaintiff alleges that CACH was bound to a settlement agreement entered in <u>Cole</u>. 2AC ¶ 65 and Ex. W (excerpt of Settlement Agreement between plaintiffs and defendants CACV and CACH, filed in <u>Cole v. Portfolio Recovery Associates</u>, No. CV 08-036 (D. Mont. Nov. 13, 2009)). The pleadings and papers filed in the <u>Cole</u> litigation demonstrate that CACV of Colorado, LLC was added as a defendant in that lawsuit in the Second Amended Complaint filed March 9, 2009, and that a settlement agreement entered by Thomas Good as the authorized agent of CACV and CACH was filed in that action on November 13, 2009. See 2AC, Ex. W ("On March 9, 2009, Plaintiffs filed a Second Amended Complaint in [<u>Cole</u>;] CACV was added as a defendant therein."). See also CACH RJN Exs. 13 and 14 (<u>Cole</u> Complaint filed May 21, 2008 and Second Amended Complaint filed

March 9, 2009) and Ex. 15 (Cole Settlement Agreement).[1] Plaintiff further alleges that, despite the knowledge that consumers in California were affected by the Martha Kunkle Affidavits, CACH continued to prosecute its collection action against Plaintiff in reliance on the Kunkle Affidavit. 2AC ¶ 65.

C. Proceedings in CACH Action

On or about March 02, 2008, Defendants purported to serve the summons and complaint in the CACH action on a "Ligia Melendez" whom they claimed to have found at 10:00 p.m. in San Francisco, California. 2AC ¶ 43 and Ex. D. Plaintiff asserts that the "Ligia Melendez" that Defendants purportedly served was not she. 2AC ¶ 43. Plaintiff filed a motion to quash service of summons in the CACH action, which CACH opposed. 2AC ¶¶ 56-58. On May 22, 2008, the Superior Court denied Plaintiff's motion to quash on the ground that she had not offered sufficient evidence to rebut the presumption raised by the declaration of the registered process server that he personally served her. 2AC ¶ 60. Plaintiff later filed a Motion to Set Aside the Default Judgment which the Superior Court granted on July 10, 2008. 2AC ¶¶ 43, 60.

Plaintiff filed her answer to the CACH complaint on August 11, 2008. 2AC ¶ 61 n.1 and Ex. N. Plaintiff alleges that she sought production of documents related to the Providian account

---

[1] The Court takes judicial notice pursuant to Federal Rule of Evidence 201(b)(2) of the pleadings and CACH settlement agreement filed in the Cole litigation as matters that are alleged in the 2AC and that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Because the Court declines to take judicial notice of other exhibits offered by Defendants, Plaintiff's objections to those exhibits are overruled as moot.

6

1  that had been allegedly purchased by CACH, such as credit card
2  statements and the contract of assignment between Providian
3  National Bank and CACH, and that CACH did not produce those
4  documents. 2AC ¶ 61. Plaintiff alleges that CACH did in fact
5  have specific credit card statements which it refused to produce
6  to her during the litigation, despite her repeated and continuous
7  demands for them, which specifically set forth that in the year
8  2002 Plaintiff had not entered into a contract with the Providian
9  National Bank for account number 4559905000497229. 2AC ¶ 62.

10  An arbitration was held in the CACH action on February 9,
11  2009. The arbitrator filed an award in favor of CACH against
12  Plaintiff, 2AC ¶ 71, and on March 5, 2009, Plaintiff requested a
13  trial de novo. 2AC ¶ 73.

14  In preparation for trial, Plaintiff retained trial counsel
15  and served motions in limine to exclude evidence that CACH failed
16  to provide in the course of litigation. 2AC ¶¶ 74-75. On October
17  26, 2009, the parties appeared before a Superior Court Judge Pro
18  Tem to attempt to resolve the matter before proceeding to trial.
19  2AC ¶ 77. CACH identified two witnesses to testify against
20  Plaintiff, of whom Plaintiff had no notice. 2AC ¶ 77. Plaintiff
21  contends that after she stated her intentions to proceed to trial,
22  these witnesses "disappeared from the courthouse and were never
23  seen again." 2AC ¶ 78. CACH then sought leave of court to
24  dismiss the action against Plaintiff without prejudice so that it
25  could refile the matter at a later date. 2AC ¶ 79. The state
26  court denied CACH's requests for dismissal without prejudice and
27  admonished CACH that the matter could only be dismissed with
28

7

prejudice. 2AC ¶ 79. The presiding judge ordered the parties to return the next day for trial. 2AC ¶ 80.

On October 27, 2009, the parties appeared before the presiding judge and CACH renewed its motion to dismiss its lawsuit without prejudice, which the presiding judge denied. 2AC ¶ 81. CACH renewed its motion to dismiss without prejudice before the trial judge who also denied the motion to dismiss and took Plaintiff's motions in limine under submission. 2AC ¶¶ 84, 85. While the court was in recess, CACH filed a dismissal without prejudice in the clerk of the court's office and informed the trial judge that the court no longer had jurisdiction over the matter. 2AC ¶ 86.

Plaintiff alleges that, after the CACH action was dismissed, "Defendants began communicating to Plaintiff that they would re-file and re-prosecute the matter against her if she did not pay them their demand." 2AC ¶ 87. On November 5, 2009, nine days after CACH dismissed its complaint against Plaintiff, CACH filed a motion for sanctions against Plaintiff and her counsel, noticed for hearing on November 19, 2009. 2AC ¶ 88. The superior court took the matter off calendar after Plaintiff filed an opposition to the motion for sanctions. 2AC ¶ 88.

D. Procedural History of the Instant Action

Plaintiff filed her original complaint naming Defendants, as well as Washington Mutual and Providian National Bank, in San Francisco Superior Court on October 25, 2010. On February 10, 2011, the complaint was removed to federal court by defendant Federal Deposit Insurance Corporation (FDIC), as receiver for Washington Mutual Bank. See Melendez v. CACH, LLC et al., Case

8

No. 11-00615 SC (N.D. Cal.), Docket No. 1. Plaintiff filed an amended complaint on February 18, 2011, as corrected on February 19, 2011, against CACH; SquareTwo; Laskin Law Offices; Attorney Defendants Laskin, Ewing and Natasha Lagenfeld [sic]; Tran; Kunkle; Washington Mutual, a.k.a. FDIC; J.P. Morgan Chase & Co., a.k.a. Chase Bank USA, N.A., J.P. Morgan Chase Bank, N.A.; and Providian National Bank. Id., Docket No. 8. Summonses were issued but Plaintiff did not file any certificates of service in that action. See id., Docket No. 9.

Pursuant to stipulation entered by Plaintiff and the FDIC, the district court dismissed the claim against the FDIC and remanded the case to San Francisco Superior Court on March 14, 2011. Case No. 11-00615 SC, Docket Nos. 17, 18.

On June 21, 2011, Plaintiff filed an amended complaint, styled "First Amended Complaint," in San Francisco Superior Court, naming as defendants CACH, Laskin Law Offices, Kunkle and Tran. This complaint was removed to federal court by CACH on November 9, 2011, based on the Court's original jurisdiction over Plaintiff's claims under the FDCPA and the Racketeer Influenced Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961-68.[2] Notice of Removal ¶ 5 ("Plaintiff's claims for (1) Violation of the Racketeer Influenced Corrupt Organization Act ('RICO'), 18 U.S.C. § 1961-1968 and (2) Violation of the Fair Debt Collection Practices Act ('FDCPA') [15] U.S.C. § 1692 et seq., are founded on a 'claim or

---

[2] In the 2AC, filed May 16, 2012, Plaintiff withdrew her cause of action for a RICO violation. The only federal cause of action alleged in the operative complaint is brought under the FDCPA.

9

right arising under the Constitution, treaties or laws of the United States.'"). Plaintiff filed a motion to remand which she later withdrew by stipulation. Docket No. 32. After the Court held an initial case management on February 23, 2012, summonses were issued as to Defendants Kunkle and Tran. Docket No. 31. Plaintiff subsequently filed a motion for leave to amend the complaint on April 16, 2012. The Court granted leave to amend, and the 2AC was deemed filed on May 16, 2012. Docket Nos. 76 and 78.

The operative complaint alleges the following claims against Defendants: (1) violation of the FDCPA against all Defendants except Kunkle and Tran; (2) violation of the Robbins-Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), Cal. Civ. Code § 1788 et seq., against all Defendants except Laskin, Ewing, Langenfeld, Kunkle and Tran; (3) malicious prosecution; (4) abuse of process; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) concealment; (8) fraud; (9) fraud and deceit based on negligent misrepresentation; (10) intrusion upon seclusion; (11) negligence; (12) negligent training and supervision; (13) breach of official duty by a notary public against Tran; and (14) conspiracy.

Laskin Law Offices and the Attorney Defendants Laskin, Ewing and Langenfeld move to dismiss the 2AC for failure to state a claim, Docket Nos. 83 and 107, and move to strike certain claims pursuant to the anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, Docket Nos. 114 and 108. Defendants CACH and SquareTwo move to dismiss the 2AC for failure to state a claim. Docket Nos. 81 and 127. Defendants Kunkle and Tran move to dismiss for lack of

10

personal jurisdiction. Docket Nos. 116 and 117. Plaintiff opposes Defendants' motions and seeks leave to conduct jurisdictional discovery as to Defendants Kunkle and Tran. Docket Nos. 150 and 152. The matters are submitted on the papers.

## DISCUSSION

### I. Motions to Dismiss the FDCPA Claim

Defendants Laskin Law Offices, Laskin, Ewing and Langenfeld move to dismiss the FDCPA claim as barred by the statute of limitations. Defendants CACH and SquareTwo also move to dismiss the FDCPA claim as time-barred. For the reasons set forth below, the motions to dismiss the FDCPA claim are granted. Because no federal claims remain in this action, the Court declines to exercise supplemental jurisdiction over the remaining claims arising under state law and remands the case to the Superior Court for the County of San Francisco.

### A. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of

11

action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

B. FDCPA Claim

The Attorney Defendants, Laskin Law Offices, CACH and SquareTwo contend that the FDCPA claim is barred by the one-year statute of limitations pursuant to 15 U.S.C. § 1692k(d). Under Ninth Circuit authority, when the alleged violation of the FDCPA is the filing of a lawsuit, the statute of limitations begins to run on the filing of the complaint in state court. Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997) ("Filing a complaint is the debt collector's last opportunity to comply with the Act, and the filing date is easily ascertainable.")

The gravamen of Plaintiff's FDCPA claim is to challenge the filing and prosecution of the CACH v. Melendez action in state court. Plaintiff alleges that this collection action was a form

12

1 lawsuit used by Defendants CACH and Laskin Law Offices to collect
2 consumer debts. 2AC ¶ 30. As such, Plaintiff alleges there was
3 no meaningful professional involvement by an attorney in reviewing
4 the "Ligia Melendez" file and drafting and filing that complaint.
5 2AC ¶ 30. Plaintiff alleges that the bringing of a form lawsuit
6 without meaningful involvement by an attorney violates 15 U.S.C.
7 § 1692e(2)(A). Id. Because the CACH v. Melendez action was filed
8 on February 14, 2008, 2AC ¶ 29, Plaintiff's FDCPA claim, alleged
9 in her original complaint filed October 25, 2010, is untimely.

10 Plaintiff argues that the continuing violation doctrine tolls
11 the statute of limitations, citing Joseph v. J.J. Mac Intyre
12 Companies, LLC, 281 F. Supp. 2d 1156, 1160 (N.D. Cal. 2003).
13 There, the court applied the continuing violation doctrine because
14 the plaintiff alleged a pattern of repeated harassing phone calls
15 in violation of the FDCPA and Rosenthal Act. The Joseph court
16 limited its holding, applying the continuing violation doctrine to
17 debt collection claims under "appropriate circumstances" such as
18 the pattern of repeated calls alleged there, and did not discuss
19 Naas. 281 F. Supp. 2d at 1161. Plaintiff's FDCPA claim, by
20 contrast, alleges that the filing of the CACH v. Melendez lawsuit,
21 a discrete act, constituted the FDCPA violation. With respect to
22 CACH's motion for sanctions, filed on November 5, 2009, the motion
23 was filed in the CACH v. Melendez action and was not a separate
24 lawsuit or collection effort so as to trigger a new limitations
25 period. See 2AC ¶ 88. As such, the FDCPA claim is time-barred
26 under Naas.

27 Plaintiff also argues that the discovery rule and equitable
28 tolling for fraudulent concealment should be applied to her

13

untimely FDCPA claim here, but cites no authority applying that tolling doctrine to the FDCPA where the claim is based on the filing of a collection action. Pl.'s Opp. to Laskin Law Offices Mot. Dismiss at 9-11 (citing Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1268 (9th Cir. 1998) (reversing entry of summary judgment on statute of limitations grounds where the district court erred in holding as a matter of law that the plaintiffs knew or had reason to know of the nature of medical tests for syphilis, sickle cell trait, and pregnancy, as a result of their submission to preemployment medical examinations)).

Plaintiff further contends that the class action tolling doctrine should apply to her FDCPA claim because the filing of the Cole class action "must necessarily have given reasonable notice to the Defendants" about Plaintiff's potential claims challenging the Kunkle Affidavit. Pl.'s Opp. to Laskin Law Office Mot. Dismiss at 9-12. See Tosti v. City of Los Angeles, 754 F.2d 1485, 1488 (9th Cir. 1985) (commencement of a class action tolls the applicable statute of limitations for all members of the class until class certification is denied). Plaintiff does not contend that either the Laskin Law Offices or any of the Attorney Defendants were parties to the Cole litigation. Nor does Plaintiff allege that SquareTwo was a party to the Cole class action. Plaintiff alleges that CACH is bound by the settlement agreement entered in Cole as a party to that action. 2AC ¶ 65. However, CACH demonstrates that it did not become a party to the Cole class action until March 9, 2009, after the limitations period on Plaintiff's FDCPA claim had already expired on February 14, 2009. CACH Mot. at 5 and RJN Exs. 13-15. (Docket No. 81.)

14

Plaintiff does not contend otherwise.  Thus, Plaintiff fails to demonstrate that the class action tolling doctrine would toll her individual FDCPA claim.

The motions of Laskin Law Offices, the Attorney Defendants, CACH and SquareTwo to dismiss the FDCPA claim as time-barred are therefore granted.  Because amendment of the time-barred claim would be futile, the FDCPA claim is dismissed without leave to amend.

C.   Remand

Having dismissed the FDCPA claim, which is the only federal claim alleged in the 2AC, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands the action to the Superior Court for the County of San Francisco.

Defendant CACH removed this action pursuant to the Court's federal question jurisdiction.  See Notice of Removal ¶ 5.  Because Plaintiff's only claim under federal law is dismissed, no federal claim remains in her suit and, as a result, the exercise of supplemental jurisdiction over her remaining state law claims is no longer necessary.  28 U.S.C. § 1367(c)(3).

This action was removed in its early stages, and no factors weigh in favor of the Court exercising supplemental jurisdiction over Plaintiff's state law claims.  See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).  Thus, the Court declines to do so and sua sponte remands Plaintiff's action to San Francisco County Superior Court.  Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (stating that, after dismissal of all federal claims in an action, "it is generally

15

preferable for a district court to remand remaining pendent claims to state court") (citing <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988)).

## CONCLUSION

For the reasons set forth above, the Court grants the motions of the Laskin Law Offices, the Attorney Defendants Laskin, Ewing and Langenfeld, CACH and SquareTwo to dismiss the FDCPA claim as time-barred. Count I of the 2AC alleging a claim under the FDCPA is therefore dismissed and the action is remanded to the Superior Court for the County of San Francisco. The Court denies as moot the anti-SLAPP motions of the Attorney Defendants and the Laskin Law Offices; the remaining grounds of CACH and SquareTwo's motions to dismiss; and the motions of Kunkle and Tran to dismiss for lack of personal jurisdiction.

The Clerk is directed to transfer the file to the Superior Court and terminate the action on this Court's docket.

IT IS SO ORDERED.

Dated: 10/15/2012

CLAUDIA WILKEN
United States District Judge

16